# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Janet Hall, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:15-4194-RMG |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting, ) | |
| Commissioner of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying her Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on December 14, 2016, recommending that the Commissioner's decision be affirmed. (Dkt. No. 17). Plaintiff filed objections to the R & R and the Commissioner filed a reply. (Dkt. Nos. 19, 21).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

Plaintiff's objections to the R & R essentially reargue points already made to the Magistrate Judge, which center on the Administrative Law Judge's ("ALJ") alleged failure to provide specific reasons for rejecting the opinions of two non-examining and non-treating physicians, who concluded that Plaintiff was limited to light work while adopting the opinions of an examining consulting physician, Dr. Harriet R. Steinhert, M.D., who concluded that Plaintiff was capable of performing medium work. As the Magistrate Judge correctly noted, the ALJ gave "great weight" to the opinions of Dr. Steinert because she conducted a careful physical examination of Plaintiff and "found the claimant's conditions to not cause her any physical limitations. This is consistent with the limited and conservative treatment the claimant has

received for these conditions." Tr. 17. Further, as the Magistrate Judge noted, Social Security Act regulations provide that "[g]enerally, we give more weight to the opinion of a source who has examined you." 20 C.F.R. § 404.1527(c)(1). The ALJ gave "significant weight" to the opinions of the non-examining and non-treating chart reviewers only to the extent those opinions are "consistent with the medical evidence of record and support the ultimate finding of 'not disabled' in this case." Tr. 18.[1]

The Court agrees with the Magistrate Judge that the ALJ decision "did offer an explanation" regarding why the examining physician's opinions were adopted by detailing the opinions of the examining physician and their consistency with the claimant's treatment record and limiting the endorsement of the chart reviewers' opinions to those not inconsistent with the described medical record. (Dkt. No. 17 at 20-21). The ALJ's decision provides the Court adequate information to allow proper substantial evidence review and to conclude that there is substantial evidence in the record to support the decision of the Commissioner in this matter.

After a review of the R & R, the administrative record, the decision of the Administrative Law Judge, and the applicable legal standards, the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that the decision of the Commissioner should be affirmed. Therefore, the Court **ADOPTS** the R & R of the Magistrate Judge and **AFFIRMS** the decision of the Commissioner.

---

[1] Plaintiff offered no expert opinions from her treating physicians that indicated that she is disabled under the Social Security Act. The only record evidence offering an opinion regarding Plaintiff's work capacity from an examining physician was provided by Dr. Steinert.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

January 12, 2017
Charleston, South Carolina